UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:12-CR-093 |
| | ) | |
| JOSEPH BANNER | ) | |

**MEMORANDUM AND ORDER**

Now before the Court are the defendant's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and the defendant's *pro se* motion for appointment of counsel. [Docs. 802, 801]. The United States has responded in opposition to the motions. [Docs. 810, 814]. The defendant has not submitted a reply within the time allowed by this court's Local Rules.

The matter is now ripe for the Court's consideration. For the reasons stated below, the defendant's motions will be denied.

## I. BACKGROUND

In June 2013, this Court sentenced the defendant, as a career offender, to a below-guidelines term of 170 months' imprisonment for conspiring to manufacture methamphetamine. The defendant is presently housed at FCI Forrest City Low with a scheduled release date of December 17, 2024. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 21, 2020).

As noted, the defendant moves for immediate compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018. In support, he claims to have suffered from "chronic liver disease for over twenty years" which the Bureau of

Prisons ("BOP") "has refused to treat." He also cites the current COVID-19 pandemic and his positive test for that disease in May of this year.

## II. DISCUSSION

Section 3582(c)(1)(A)(i) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). Beyond this change, the statute still applies the same requirements to a defendant's motion for compassionate release as previously applied to motions by the BOP Director. *See, e.g., United States v. Beck*, 425 F. Supp. 3d 573, 578-79 (M.D.N.C. 2019).

2

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. *See United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *3 (S.D. Ind. May 9, 2019). While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *Id*. at *2 (citations omitted). Moreover, the Court has no reason to believe that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider. *See id*. (concluding likewise).

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A)(i), the compassionate release analysis requires several findings. First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the Court must determine whether a movant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

### A. Exhaustion

In this case, the record demonstrates that the defendant has previously asked the BOP to file a compassionate relief request on his behalf. [Doc. 802, p. 4]. More than 30 days have passed since that request was received by the warden of his facility. The Court

thus has authority under § 3582(c)(1)(A) to address the instant motion. *See Alam*, 960 F.3d at 832.

## B. Merits

### 1. Extraordinary and Compelling Reasons

The Application Notes to guideline 1B1.13 provide, in material part:

1. Extraordinary and Compelling Reasons.— ... [E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

  (I) suffering from a serious physical or medical condition,

  (II) suffering from a serious functional or cognitive impairment, or

  (III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1(A). The instant motion appears to be based on Application Note 1(A)(ii)(I), which requires a serious medical condition that substantially diminishes the ability to provide self-care within the prison environment and from which the movant is not expected to recover.

4

As noted, in support of his request for compassionate release the defendant cites COVID-19 (for which he tested positive in May of 2020) and a "chronic liver disease" which he has allegedly suffered from "for over twenty years." [Doc. 802, p. 2]. The defendant identifies that disease as hepatitis C. [*Id.*, p. 6]. While the defendant has submitted no medical documentation in support of his motion, the United States acknowledges that "the Bureau of Prisons confirmed that Banner has been diagnosed with viral hepatitis C. [Doc. 810, p. 9].[1]

In this case, the United States has filed six pages of BOP medical documentation. [Doc. 814]. Those records also make no mention of the defendant's hepatitis C. They do, however, document that the defendant tested positive for COVID-19 on May 15 or 16, 2020. The defendant was placed in isolation and was asymptomatic from May 25 through June 11, at which point he was presumably released from quarantine. [*Id.*].[2]

Having considered the medical record before it, the Court does not find that the defendant's medical conditions substantially diminish his ability to provide self-care within the prison environment. Again, no evidence has been presented regarding the impact that the defendant's hepatitis C has *on him*. Generally, according to the Centers for Disease Control,

> Currently, we have no information about whether people with hepatitis B or hepatitis C are at increased risk for getting COVID-19 or having severe COVID-19. However, based on available information and clinical expertise, older adults and people of any age who have serious underlying medical conditions, including people with liver disease, might be at higher risk for

---

[1] In his 2012 Presentence Investigation Report ("PSR") interview, the defendant made no mention of hepatitis C, nor did the available medical records. [PSR, ¶¶ 69-71].

[2] The medical records before the Court do not address the defendant's health, relating to COVID-19, between the date of diagnosis and May 24, 2020.

5

severe illness from COVID-19, particularly if the underlying medical conditions are not well controlled.

*See* What to Know About Liver Disease and COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/liver-disease.html (last visited July 22, 2020). The defendant, age 41, is not an "older adult." *See* Older Adults, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited July 22, 2020).

Of course, the present defendant's prison has been previously hard hit by COVID-19 and he in fact tested positive for that disease in approximately two months ago. However, according to the available medical records, the defendant remained asymptomatic during his time in isolation. His facility appears to be regaining control of the disease, with 646 inmates and three staff having recovered, current positive cases down to 28 inmates and three staff, and no staff or inmate fatalities. *See* Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited July 22, 2020).

Accordingly, on the record before it, the defendant's medical conditions do not at this time appear to be of the severity contemplated by guideline 1B1.13's policy statement. *See, e.g., United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020) (medically managed serious health conditions, paired with a generalized fear of COVID-19, fell short of "extraordinary and compelling reasons" justifying compassionate release). The defendant does not meet the statutory standard for compassionate release and his motion must be denied.

## 2. Danger to Any Other Person or to the Community

In the alternative, the Court also finds that the defendant has not shown that he would not be a danger if released. Guideline 1B1.13 provides that compassionate release is only appropriate where "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(2). Section 3142(g) outlines the factors the Court must consider in determining whether a defendant should be detained pending trial. Specifically, § 3142(g) provides:

> (g) Factors to be considered.—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
>
> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Court has considered the above-listed factors and has refamiliarized itself with the defendant's PSR. The defendant was sentenced in this case as a career offender. He participated in the instant methamphetamine conspiracy long after the alleged date of his hepatitis C diagnosis. Most of his years since 1998 have been spent in prison. [PSR, ¶¶ 39-50]. Prior convictions include assault (vehicular, on a police officer) and hit and run. There have been numerous violations of probation and parole. These facts leave the Court unable to find that the defendant would not pose a danger to the safety of another person or the community if released. For this additional reason, the motion must be denied.

### 3. Section 3553(a) Factors

Because the defendant has not demonstrated extraordinary and compelling reasons justifying his release, and because the Court is not satisfied that he would not pose a danger if released, the Court finds it unnecessary to engage in a lengthy discussion of the 18 U.S.C. § 3553(a) factors in this case. Suffice it to say that more than four years of actual time remain on the defendant's sentence. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) ("Despite Kincaid's assertion that the amount of time served is not a proper basis for denying compassionate release, the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate."). As in *Kincaid*, a substantial sentence reduction in this case would not reflect the extreme seriousness of the offense of conviction, would not promote respect for the law or afford adequate deterrence, and would not adequately protect the public from future crimes. *See* 18 U.S.C. § 3553(a)(2).

## III.  APPOINTMENT OF COUNSEL

There is no constitutional right to counsel in post-conviction proceedings.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *Foster v. United States*, 345 F.2d 675, 676 (6th Cir. 1965) (holding that the constitutional right to counsel does not extend to collateral proceedings).  A district court has *discretion*, under 18 U.S.C. § 3006A(a)(2), to appoint counsel when "the interests of justice so require."  In exercising discretion as to whether to appoint counsel, a court should consider several factors, including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court.  *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

The compassionate release arguments presented to the Court in this case are straightforward and familiar, not beyond the capability of an ordinary *pro se* litigant.  The defendant's request for appointment of counsel will accordingly be denied.

## IV.  CONCLUSION

For the reasons stated herein, Defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [doc. 802] and his motion for appointment of counsel [doc. 801] are **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

9

Case 2:12-cr-00093-RLJ-MCLC   Document 816   Filed 07/27/20   Page 9 of 9   PageID #: 2343